# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 9, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **S.B. and A.W.**

**No. 22-798** (Raleigh County 2021-JA-179-D and 2021-JA-180-D)

### MEMORANDUM DECISION

Petitioner Mother, B.W.,[1] appeals from an order the Circuit Court of Raleigh County entered on September 24, 2022.[2] By that dispositional order, the circuit court terminated Mother's parental rights to both of her children, S.B. and A.W. On appeal, Mother argues the circuit court erred by terminating her parental rights. The West Virginia Department of Health and Human Resources ("DHHR") and the children's guardian ad litem support termination.

Upon consideration of this matter, we find that the circuit court properly terminated Mother's parental rights to S.B. and affirm that portion of the circuit court's order. However, we further find that the circuit court lacked jurisdiction to terminate Mother's parental rights to A.W., vacate that portion of the circuit court's order, and remand for further proceedings. Additionally, this case satisfies the "limited circumstances" requirement of Rule 21 of the West Virginia Rules of Appellate Procedure and is appropriate for disposition by memorandum decision.

This case began as an abuse and neglect proceeding against Mother, who is the mother of S.B. and A.W. The DHHR filed its petition on November 2, 2021, and alleged that it had attempted to provide services to Mother[3] prior to the filing of the petition, but such efforts were unsuccessful, and a subsequent referral necessitated the filing of a formal child abuse and neglect proceeding.

---

[1] We use initials, rather than the parties' full names, in cases involving sensitive facts. *See generally* W. Va. R. App. P. 40(e) (restricting use of personal identifiers in cases involving children); *In re K.L.*, 241 W. Va. 546, 548 n.1, 826 S.E.2d 671, 673 n.1 (2019) (using initials to refer to child parties).

[2] Amanda J. Taylor represents Petitioner Mother. Attorney General Patrick Morrisey and Assistant Attorneys General Andrew T. Waight and Jason R. Trautwein represent Respondent West Virginia Department of Health and Human Resources. G. Todd Houck is the children's guardian ad litem.

[3] The petition also named S.B.'s father and A.W.'s father as additional respondents. S.B.'s father has not appealed the circuit court's order terminating his parental rights, and A.W.'s father has been determined to be a non-offending parent.

Specifically, the petition alleged that S.B. was an abused, neglected, and/or abandoned child because Mother's drug use prevented her from being able to care for the child, and the child often was hungry because there was not adequate food in the home. The petition further alleged that, as a result of S.B.'s abuse, A.W. also was an abused and/or neglected child. At the time of the petition's filing, S.B. lived with Mother in Raleigh County, but A.W. lived with her non-offending father in a different county.

Throughout the underlying abuse and neglect proceedings, Mother continued to abuse various substances, including heroin and methamphetamine. During the March 3, 2022 adjudicatory hearing, Mother entered a stipulation that stated: "I, [B.W.], acknowledge that my drug screens have been positive, and request an improvement period to correct the conditions of abuse and neglect that led to the filing of the petition." The circuit court accepted Mother's stipulation and adjudicated her on that basis. The adjudicatory order references S.B., but it does not mention A.W., and the appendix record does not contain any other adjudicatory orders pertaining to A.W.

The circuit court granted Mother a post-adjudicatory improvement period but she failed to complete a treatment program to help her overcome her substance abuse addiction, was repeatedly absent from court hearings and scheduled drug screens, and had positive drug test results when she submitted to drug screens scheduled in conjunction with the few court hearings she did attend. Ultimately, the circuit court terminated Mother's parental rights to both S.B. and A.W. In its September 24, 2022 dispositional order on appeal, the circuit court based its disposition of termination upon Mother's failure to remedy the conditions of abuse and neglect that led to the petition's filing, i.e. Mother's substance abuse addiction. The circuit court also based its decision to terminate Mother's parental rights upon her abandonment of her children. Although the DHHR's abuse and neglect petition alleges abandonment, Mother's stipulated adjudication addressed only her drug use, and the circuit court did not set forth findings of fact to explain its finding of abandonment. From this dispositional order, Mother appeals to this Court.[4]

The standard of review we apply to a circuit court's rulings in an abuse and neglect case is well-settled.

> Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided

---

[4] The children's current permanency plan contemplates S.B. being adopted by her foster family, and A.W. continuing to reside with her non-offending father.

the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. pt. 1, *In Int. of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996).

Mother appeals from the circuit court's order terminating her parental rights to S.B. and A.W. Because the children's circumstances at the time of the petition's filing were different—S.B. resided with Mother in Mother's home, while A.W. resided with her non-offending father in his home—we will address Mother's assignment of error with respect to each child separately.

We find the circuit court did not err by terminating Mother's parental rights to S.B. After the DHHR filed its petition alleging that Mother had abused and neglected S.B., she entered a stipulated adjudication in which she stated that "I, [B.W.], acknowledge that my drug screens have been positive, and request an improvement period to correct the conditions of abuse and neglect that led to the filing of the petition." This stipulation meets the requirements for a stipulated adjudication. *See* W. Va. R. P. Child Abuse & Neglect Proc. 26(a) ("(a) *Required Information*. Any stipulated or uncontested adjudication shall include the following information: (1) Agreed upon facts supporting court involvement regarding the respondents' [*sic*] problems, conduct, or condition; and (2) A statement of respondent's problems or deficiencies to be addressed at the final disposition.").

Following this adjudication, the circuit court granted Mother an improvement period to correct the conditions of abuse and neglect that led to the petition's filing. Mother's family case plan terms required her to submit to drug screens and obtain treatment for her substance abuse addiction. Throughout the proceedings, Mother failed to submit to required drug screens unless they were ordered in conjunction with her appearance at a court hearing that she attended. Mother also attempted to enter rehabilitation programs several times during the pendency of the case, but she did not complete any of these treatment programs.

The circuit court, by its September 24, 2022 dispositional order, terminated Mother's parental rights to S.B. upon finding that she had not corrected the conditions of abuse and neglect that had led to the petition's filing. This disposition is supported by the governing statute, West Virginia Code § 49-4-604(c)(6), which finds that termination of a parent's parental rights is proper when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and . . . when necessary for the welfare of the child[.]" The statute further directs that "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected'" exists when "the abusing adult . . . ha[s] demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." W. Va. Code § 49-4-604(d). These conditions include circumstances in which

> [t]he abusing parent . . . ha[s] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . ha[s] not responded to or followed through [with] the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning [and]

3

. . . .

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child[.]

W. Va. Code §§ 49-4-604(d)(1, 3). Given Mother's failure to comply with the majority of the drug screening ordered by the court and her failure to obtain treatment to remedy the conditions of abuse and neglect in this case, the circuit court properly terminated her parental rights to S.B.

However, we do not find that the circuit court properly terminated Mother's parental rights to A.W. While the DHHR's petition contained lengthy factual statements upon which it based its allegations that Mother had abused and/or neglected S.B., the DHHR's allegations of the circumstances constituting abuse and/or neglect of A.W. are sparse. With respect to A.W., the petition in this case alleges only that, "[a]s a result of the abuse to [S.B.], the child [A.W.], is also abused and/or neglected. Furthermore, this abuse has impaired [Mother's] parenting skills to a degree as to pose an imminent risk to a child's health or safety as defined in *W. Va. Code* § 49-1-201." This allegation of Mother's abuse and/or neglect of A.W. is not sufficient to support the DHHR's petition as to this child for several reasons.

First, the statute defining "abuse" allows a finding of abuse as to one child to extend to another child living in the same home:

> "Abused child" means:
>
> > (1) A child whose health or welfare is being harmed or threatened by:
> >
> > > (A) A parent, guardian, or custodian who knowingly or intentionally inflicts, attempts to inflict, or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home. Physical injury may include an injury to the child as a result of excessive corporal punishment[.]

W. Va. Code § 49-1-201. *Accord* Syl. pt. 2, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) ("Where there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under W. Va. Code [§ 49-1-201]."). Nevertheless, at the time of the petition's filing, A.W. was *not* living in the same home with Mother and S.B. A.W. was living with her non-offending father in a *different* county. Therefore, the DHHR's attempt to extend an allegation of abuse of S.B. to A.W. is not supported by the facts

4

alleged in the petition or the law defining the circumstances that may give rise to a finding of "abuse."

Moreover, when a child resides outside the home, the DHHR may still allege that the child has been abused and/or neglected, but such allegations of harm must be specific. *See* Syl. pt. 3, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023) (emphasizing, with respect to petitions filed to protect children who are not residing with their parents at the time of the petition's filing, that "generalized findings [as to how the children have been abused and/or neglected] applicable to all children named in the petition will not suffice; the circuit court must make specific findings with regard to *each* child so named"). The specificity required in a petition's allegations includes "specific conduct including time and place [and] how the conduct comes within the statutory definition of neglect or abuse." W. Va. Code § 49-4-601(b). *Accord* W. Va. R. P. Child Abuse & Neglect Proc. 18(c)(1) (requiring petition to include "[a] statement of facts justifying court intervention which is definite and particular and describes . . . [t]he specific misconduct, including time and place, if known, or incapacity of the parent(s) . . . responsible for the child's care"). The DHHR's scant allegation of the abuse and/or neglect of A.W. does not satisfy this specificity requirement. In particular, the DHHR does not specify how Mother's conduct constituted abuse and/or neglect as to A.W. other than to explain that, because S.B. was abused and/or neglected by Mother's conduct, A.W. should, by extension, also be found to have been abused and/or neglected by Mother's conduct. Therefore, the petition was not sufficient to permit the circuit court to adjudicate A.W. as an abused and/or neglected child.

Finally, adjudication is a jurisdictional prerequisite to disposition.

> For a circuit court to have jurisdiction over a child in an abuse and neglect case, the child must be an "abused child" or a "neglected child" as those terms are defined in West Virginia Code § 49-1-201 (2018). Pursuant to West Virginia Code § 49-4-601(i) (2019), a circuit court's finding that a child is an "abused child" or a "neglected child" must be based upon the conditions existing at the time of the filing of the abuse and neglect petition.

Syl. pt. 8, *In re C.S.*, 247 W. Va. 212, 875 S.E.2d 350 (2022). Given that the petition did not contain adequate allegations to support a finding that A.W. had been abused and/or neglected, the circuit court could not adjudicate her as an abused and/or neglected child.[5] Since adjudication is a jurisdictional prerequisite to disposition, we find that the circuit court lacked jurisdiction to proceed to the dispositional phase of the proceedings as to A.W. In light of these procedural errors, we vacate the circuit court's dispositional order to the extent it terminated Mother's parental rights

---

[5] In fact, it does not appear from the appendix record that the circuit court actually adjudicated A.W. as an abused and/or neglected child during the underlying proceedings because the court's adjudicatory order does not include A.W. in either the style or the body of that order, and the record does not contain any other adjudicatory orders pertaining to A.W.

to A.W. and remand for further proceedings consistent with this decision.[6] *See* Syl. pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) ("Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.").

For the foregoing reasons, we conclude that the circuit court properly terminated Mother's parental rights to S.B., and we affirm that portion of the circuit court's September 24, 2022 order. However, we further conclude that the circuit court erred by terminating Mother's parental rights to A.W., and we vacate that portion of the circuit court's September 24, 2022 order and remand for further proceedings. Finally, we direct the Clerk of this Court to issue the mandate contemporaneously with this decision.

Affirmed, in part; Vacated and Remanded, in part.

**ISSUED:** November 9, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[6] These further proceedings may require the DHHR to file an amended petition alleging A.W. is an abused and/or neglected child if sufficient facts exist to support such allegations. *See* W. Va. R. P. Abuse & Neglect Proc. 19 (explaining procedure for amendments to abuse and neglect petitions).